No. 42,862

Lillie Hein, *Appellant,* v. Mills Building Company, a Corporation, *Appellee.*

(372 P. 2d 994)

Opinion filed July 7, 1962.

*William R. Stewart,* of Topeka, argued the cause, and *T. M. Murrell* and *George A. Scott,* both of Topeka, were with him on the briefs for the appellant.

*Charles S. Fisher, Jr.,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, E. Gene McKinney, Frank C. Sabatini, Roscoe E. Long,* and *William G. Haynes,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal by the plaintiff from an order of the trial court sustaining defendant's demurrer to the evidence of plaintiff.

Evidence presented consisted of testimony by plaintiff and her husband. On May 3, 1958, plaintiff accompanied her husband to the Mills building in Topeka, which is a public office building, where he had an appointment with a Doctor Lessenden. They had parked their car on the north side of Ninth street, walked across the street, and entered the building through the north entrance intending to take the elevator to the doctor's office. It had been raining and after plaintiff had passed through the doors and had taken two steps, she fell and was injured. The time was between 8:00 and 8:15 a. m. and the building had been open to the public at approximately 7:00 a. m. Neither plaintiff nor her husband saw any mats on the floor when they entered the building but when they departed from the building some two hours later, they noticed two

mats had been placed thereon. The sidewalks and streets were wet and there was water on the linoleum floor inside the doors where plaintiff fell. Plaintiff could not get up but was finally helped up by her husband and other people who were present. Plaintiff testified that a lady from the X-ray room had seen her fall.

Plaintiff and her husband went to Doctor Lessenden's office and the doctor looked at her foot and leg. During the two hours she remained in Doctor Lessenden's office Mr. Stearns N. Belden, the building manager, came in and plaintiff remembered hearing him say he was "sorry it happened but the pad should have been down." After having X-rays taken by Doctor Finney, whose office is in the same building, plaintiff and her husband returned home. They saw the mats on the floor when they went back through the lobby on their way home.

Defendant demurred generally to this evidence and in its argument to the trial court in support of the demurrer cited 62 A. L. R. 2d 6, *et seq.,* wherein the general rule is stated that the proprietor of a place of business owes to persons present on the premises as invitees the duty of exercising ordinary care to see that the portions of the premises which may be expected to be used by invitees are reasonably safe and that the presence of water on the floor causing a breach of that duty because of the dangerous floor condition must be proved to have actually existed. In addition, the plaintiff must show either that the proprietor had actual notice of the dangerous condition or that the condition existed for such length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it. Liability for floor conditions created by the acts of persons other than employees exists only on proof that the proprietor had actual or constructive notice thereof.

The trial court sustained the demurrer and discharged the jury. In due time judgment was entered for defendant, plaintiff filed her motion for new trial which was overruled, and hence this appeal.

Plaintiff first argues that her evidence is subject to the general rule on testing its sufficiency when attacked by demurrer and relies on *Hogan v. Santa Fe Trail Transportation Co.,* 148 Kan. 720, 723, 85 P. 2d 28, 120 A. L. R. 521. Many subsequent decisions have quoted the same rule including *Koch v. Suttle,* 180 Kan. 603, 306 P. 2d 123, which in pertinent part reads:

". . . in testing the sufficiency of evidence when attacked by demurrer all of the evidence will be considered as true, it will not be weighed as to any

contradictory parts or discrepancies therein between direct or cross-examination, or among the witnesses, and every favorable inference to be drawn therefrom will be given to such evidence. If there is any evidence which sustains the case, the demurrer will be overruled." (p. 606.)

See, also, *Haga v. Moss, Administrator,* 181 Kan. 171, 311 P. 2d 281.

Obviously, we must here begin with the foregoing proposition of law because we are immediately confronted with the question whether there was any evidence upon which the jury could find that the defendant, or its building manager-employee, had actual knowledge that the entranceway to the elevators was in a dangerous and unsafe condition if used by plaintiff and other business invitees of the building in walking from the entrance of the building to the elevators, or that the dangerous condition had existed for a sufficient length of time to charge the defendant, or its servant, with notice thereof. The only evidence of actual knowledge or constructive notice, as just stated, was in the testimony of plaintiff who could not remember all of the conversation she had with Mr. Belden, the building manager, while they were in Doctor Lessenden's office, but she did remember hearing him say that he was "sorry it happened but the pad should have been down."

There is no definite or direct evidence as to the extent or amount of water that had accumulated on the floor in the lobby of the building. This is not a case where the Mills building company created the dangerous condition. Therefore cases of that type (*Little v. Butner,* 186 Kan. 75, 348 P. 2d 1022) are of little assistance in answering our problem. No competent substantial evidence was adduced to show when it had started to rain, the extent or degree of the rainfall, or how much dampness had accumulated on the floor of defendant's building. We, therefore, cannot say that plaintiff's testimony showed the condition of the floor had existed for a sufficient length of time to charge defendant, or its building manager, with constructive notice of any dangerous condition. Such notice certainly cannot be inferred from the statement made by Mr. Belden which was overheard by plaintiff. Plaintiff's evidence includes no showing it was a common practice or precaution of defendant, or similar places of business, to use mats or other protective floor covering and we find no inferences of such common practice or precaution from the statement made by Belden. These matters are thoroughly discussed in the extensive annotation to be found in 62 A. L. R. 2d, pp. 6-120.

A case almost identical with our present one is *Parks v. Montgomery Ward & Co.*, 198 F. 2d 772, which was decided by the United States Tenth Circuit Court of Appeals and involved as the defendant the Montgomery Ward retail store located in Wichita, Kansas. The federal court therein directed a verdict for defendant while here the trial court sustained a demurrer to plaintiff's evidence. The plaintiffs in both instances failed to establish actionable negligence on the part of the defendants.

We can only conclude the trial court was correct in sustaining the demurrer to plaintiff's evidence and in view of this conclusion, it will not be necessary to discuss an element of contributory negligence which defendant contends was in the trial court's consideration.

Judgment affirmed.