No. 43,599

CARL L. SCHMATJEN d/b/a CARL'S LIQUID FEED SERVICE, *Appellee,* v. J. T. ALEXANDER, *Appellant,* and DONALD ALEXANDER, *Defendant.*

(391 P. 2d 313)

Opinion filed April 11, 1964.

*Harold S. Herd,* of Coldwater, argued the cause and was on the brief for the appellant.

*Donald E. Shultz,* of Dodge City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover the price of liquid cattle feed sold and delivered by plaintiff to defendants. Defendant Donald Alexander's demurrer to plaintiff's evidence was sustained. The action proceeded against the other defendant, J. T. Alexander. At the close of all the evidence, upon plaintiff's motion, the court directed a verdict in favor of plaintiff, and judgment was entered accordingly. Defendant J. T. Alexander has appealed from that ruling.

The pleadings require only brief mention. The petition alleged that between May and December of 1961 plaintiff sold and delivered the liquid cattle feed to defendant at an agreed price, and

an itemized account showing the amount of sales and the balance due was attached thereto. The answer, although admitting the sales, raised certain alleged breaches of the agreement between the parties as a partial defense, and also claimed certain credits by way of set-off.

The action proceeded to trial before a jury, and, as above stated, the court, at the conclusion of all the evidence, sustained plaintiff's motion for a directed verdict.

Questions involving a ruling on a motion for a directed verdict usually arise in an appeal by a defendant from an order denying his motion for a directed verdict, or else in an appeal by a plaintiff from an order sustaining a defendant's motion for a directed verdict. Here, however, the appeal is by defendant from an order sustaining plaintiff's motion for a directed verdict.

In reviewing the propriety of an order sustaining a motion for a directed verdict, the applicable rule, irrespective by whom invoked, is the same as that with respect to a demurrer to the evidence, that is—all facts and inferences reasonably to be drawn from the evidence are to be resolved in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon the motion must be denied and the matter submitted to the jury. But where no evidence is presented, or the evidence presented is undisputed and is such that reasonable minds could not accept it as sufficient to establish the existence of a fact, it becomes the duty of the court to remove the issue from the jury. (*Casement v. Gearhart*, 189 Kan. 442, 444, 445, syllabi 1 and 2, 370 P. 2d 95, and cases cited.)

Applying the rule to the present case, the question presented amounts to this:

Was defendant's evidence, resolving all inferences to be drawn therefrom in his favor, such that reasonable minds could reach different conclusions thereon? In other words, construed most favorably in his behalf, did his evidence constitute a defense, either as a matter of law or fact, to the claim and evidence of plaintiff? If it did, then plaintiff's motion for a directed verdict should have been denied and the matter submitted to the jury.

No new or novel question, either of fact or law, is presented by this appeal, and detailed discussion of the evidence would be of interest only to the parties involved. Examining the record, it is

clear that plaintiff's evidence fully established his claim, and it is equally clear that defendant's evidence either admitted all of plaintiff's claim or failed in any way to deny or contradict such portions of plaintiff's evidence as were not admitted. Defendant simply failed to offer anything in the way of defense. The result is there was no issue of fact to submit to the jury and plaintiff's motion for a directed verdict was properly sustained. The judgment is affirmed.