No. 44,424

H. A. NEWMAN, d/b/a NEWMAN TRUCK SERVICE, *Appellee*, v. H. V.
CASE, d/b/a CASE WELDING SERVICE, *Appellant*.

(413 P. 2d 1013)

Opinion filed May 7, 1966.

*James Berglund,* of Great Bend, argued the cause, and *H. Lee Turner* and *J. Eugene Balloun,* both of Great Bend, were with him on the brief for the appellant.

*Herb Rohleder,* of Great Bend, argued the cause, and *Tudor W. Hampton* and *Jerry M. Ward,* both of Great Bend, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This action arises out of a collision between two trucks. Plaintiff recovered judgment in the court below and the defendant has appealed. We will refer to the parties as plaintiff and defendant, respectively.

The collision occurred about 6:15 p. m., October 30, 1962, on Highway 56, approximately one-quarter mile west of Ellinwood, Kansas, at which time and place the plaintiff's IHC tractor, being driven toward the west, struck the rear end of the defendant's Dodge truck which was then parked on the north part of the traveled portion of the highway. The plaintiff charged that the accident was due to the defendant's negligence in leaving his truck parked on the highway without lights, flares or other warning. The defendant denied negligence on his part and alleged that the plaintiff was contributorily negligent in two primary respects: (1) That his driver, Earl Robert Brown, was proceeding at a speed which prevented him from stopping within the range of his vision, and (2) that his truck had inadequate headlights.

Trial of the action was to a jury which, in its wisdom, returned a verdict for the plaintiff in the amount of $2,592.17, thus resolving, in plaintiff's favor, the disputed factual issue of the defendant's negligence.

However, the defendant contends, in this appeal, that the plaintiff was guilty of contributory negligence as a matter of law, and this point was preserved throughout the trial by appropriate motions.

The basic issue presented on appeal is summarized by the defendant in this fashion:

"Did the District Court err in not sustaining defendant's motions for judgment when the evidence was conclusive that plaintiff was contributorily negligent as a matter of law in driving beyond his range of vision and having inadequate headlamps on his vehicle?"

We agree with the defendant's appraisal of what is involved in this appeal and will confine our discussion to the question as stated.

The answer to the question thus posed requires an examination of the evidence shown by the record, for we must determine its sufficiency as against the defendant's motions for a directed verdict and for judgment notwithstanding the verdict. We approach an evaluation of the testimony in the light of certain well-established rules which may be well to mention at this time.

Contributory negligence is never presumed, but must be established by proof. Ordinarily, its existence in a given case is a question of fact, it being for the jury to decide whether the conduct of a party measures up to that expected of a reasonably careful man. Only when conduct can be said as a matter of law to have fallen below the standard of a reasonably prudent person may the question of contributory negligence be taken from the jury and determined by the court.

In ascertaining whether, as a matter of law, a plaintiff is guilty of contributory negligence precluding recovery, the court must accept as true all evidence favorable to the plaintiff along with the reasonable inferences to be drawn therefrom, disregarding testimony which is unfavorable to the plaintiff. The court may not weigh any part of the evidence which is contradictory nor any contradiction between plaintiff's direct and cross-examination. The plaintiff's evidence must be construed liberally in his favor and doubts resolved against the defendant, and if the facts be such that reasonable minds might arrive at contrary conclusions, the matter of contributory negligence must go to the jury. (*Jones v. Coate,* 180 Kan. 597, 598, 306 P. 2d 148; *Kendrick v. Atchison, T. & S. F. Rld. Co.,* 182 Kan. 249, 256, 320 P. 2d 1061; *Deemer v. Reichart,* 195 Kan. 232, 241, 404 P. 2d 174, and cases cited therein.)

The defendant asserts that the instant case is governed by "the range of vision" rule, a rule we have recognized since the early days of the automotive era. Almost fifty years ago, it was applied in *Fisher v. O'Brien,* 99 Kan. 621, 162 Pac. 317, and has not since been abrogated. Stated succinctly, the rule requires that a motorist correlate his speed with his ability to stop his vehicle within the distance objects can be seen ahead. (*Haines v. Carroll,* 126 Kan. 408, 267 Pac. 986; *Wright v. Nat'l. Mutual Cas. Co.,* 155 Kan. 728, 129 P. 2d 271.)

The rule is, however, subject to certain well-known qualifications and exceptions. In *Drennan v. Penn. Casualty Co.,* 162 Kan. 286, 176 P. 2d 522, we said:

"Furthermore, we have recognized qualifications or exceptions to the general rule that a driver must be able to stop his car within the clear distance ahead. . . ." (p. 289.)

See, also, *Grisamore, Administratrix v. Atchison, T. & S. F. Rly. Co.,* 195 Kan. 16, 403 P. 2d 93, and cases cited therein.

Thus, our present purpose is to appraise the pertinent evidence in the light of both the rule and its exceptions. As we do so, it

would be well to bear in mind that every negligence action is dependent on its own facts. (*Drake v. Moore,* 184 Kan. 309, 336 P. 2d 807; *Grisamore, Administratrix v. Atchison, T. & S. F. Rly Co.,* supra.) With the foregoing observations out of the way, we may proceed to analyze the pertinent testimony, summarizing so far as possible what is material.

On direct examination, Earl Brown, the plaintiff's driver, testified it was dark at the time of the collision and his lights were on dim; that traffic was coming from the opposite direction with lights on; that he was going 40 to 45 miles per hour; that the back end of defendant's truck was dark in color and he saw no lights. Most of this testimony was corroborated by Earl's brother who was riding in the plaintiff's truck.

Brown also testified that as he came to the four-lane highway east of Ellinwood, he pulled to the outside lane where he saw the truck but didn't pull out quick enough and hit it; that he put on his brakes and turned to the left; that he could probably see from fifty to seventy-five feet with his lights on but he never did measure it; and that he was about fifty to sixty feet away when he noticed the truck. The following question was asked and answer given:

"Q. Now, what reason do you have for not having seen the parked vehicle earlier?

"A. Well, it was dark, no lights on the truck, and lights coming towards us."

In the light of this testimony, we cannot say that the plaintiff, through his driver, stands convicted of contributory negligence as a matter of law. The evidence was sufficient, in our judgment, to present a question for the jury's determination.

This court has often referred to the color of an offending truck parked in a traffic lane at night as a condition materially affecting its visibility and qualifying the range of vision rule. In *Drake v. Moore,* supra, in discussing exceptions to the rule, it was said:

". . . The rear end of the trailer was a dull, drab and dirty color, making it difficult to be seen at night. . . ." (p. 314.)

Very recently, this court said in *Deemer v. Reichart,* supra:

". . . It is a well-known fact that at dusk objects of a dark nature on a blacktop road may blend into the background so as to be virtually imperceptible until at close range." (p. 242.)

Other cases in which this qualification of the rule is discussed are *Sponable v. Thomas,* 139 Kan. 710, 33 P. 2d 721, and *Winfough v. Tri-State Insurance Co.,* 179 Kan. 525, 297 P. 2d 159.)

We have also held that bright lights of approaching cars may, under attending circumstances, be factors entitled to consideration in determining contributory negligence and requiring the issue to be submitted to the jury. In *Anderson v. Thompson,* 137 Kan. 754, 22 P. 2d 438, the court said:

"Plaintiff requested an instruction to the jury that it was the duty of the driver of the Thompson car to stop when vision was inhibited by blinding lights of the car approaching from the west. If this were the peremptory rule governing night automobile driving, a person obliged to leave Topeka after dark to make a trip to Kansas City on highway U. S. No. 40 might not reach his destination much before morning. Clearly such a rule should not be applied to a driver who, notwithstanding the blinding lights, could know to a certainty there was no obstruction immediately beyond the point of relief from the dazzling lights. If a vigilant driver, proceeding at a moderate rate of speed, should be reasonably sure he might safely go forward without stopping, he would not necessarily be negligent in doing so. Therefore the question ultimately resolves itself into one of reasonable care under all the circumstances. . . ." (pp. 755, 756.)

The Anderson case was cited with approval in *Drennan v. Penn. Casualty Co.,* supra, and *Towell v. Staley,* 161 Kan. 127, 166 P. 2d 699.

In *Winfough v. Tri-State Insurance Co.,* supra, both the range of vision rule and exceptions thereto are stated:

"The general rule is that the operator of a motor vehicle is required to articulate his speed with his ability to stop within the range of his vision, and not to strike or collide with obstructions or other vehicles in his lane of traffic, but there are exceptions to that rule arising out of a sudden change in the operator's situation but not caused by his own failure or neglect, such as blinding lights of oncoming cars, or changes in grade, causing the obstruction to be hidden." (Syl. ¶ 2.)

We are aware that astute counsel elicited from Brown, on cross-examination, statements that approaching lights did not blind him and that he "guessed" the lights didn't bother him. However, there can be little, if any, doubt that Brown's vision was impaired by approaching lights. He testified "Anybody knows that you can't see as well when the headlights are coming towards you," and ". . . but you know lights shining in your face, it is going to bother your vision some," and then again, "Well, just driving, I have noticed coming down the road, that you can't see as far ahead with lights coming towards you . . ." In *Towell v. Staley,* supra, the court observed:

"Every motorist realizes from common experience that the passing of a car with its bright headlights turned on very frequently, if not always, causes a

driver's vision to be temporarily impaired to some extent. The extent of the impairment is dependent upon the severity of the bright lights and the nature of the highway ahead. . . ." (p. 138.)

Whatever conflict there was between Brown's direct and cross-examination would affect only the weight of his testimony and his credibility as a witness and the jury must have felt that neither had been seriously impugned.

In our opinion, whether Brown's performance measured up to the standard of a reasonably prudent motorist, considering the twin circumstances of approaching lights and a dark-colored truck parked at night in the highway without lights, presented a question of fact rather than a question of law. In other words, we believe that reasonable minds might arrive at different conclusions in a situation of this sort. Whether we would have concluded as did the jury is quite beside the point.

The defendant strenuously asserts that the plaintiff was contributorily negligent in having his truck equipped with inadequate headlights, and avers that the provisions of K. S. A. 8-592 (b) were violated in this regard. This statute provides:

"There shall be a lowermost distribution of light, or composite beam, so aimed and of sufficient intensity to reveal persons and vehicles at a distance of at least 100 feet ahead; and on a straight level road under any condition of loading none of the high-intensity portion of the beam shall be directed to strike the eyes of an approaching driver."

In arguing that plaintiff's truck lacked proper lighting equipment, the defendant relies on certain answers of Brown concerning the reach of the headlights. After evaluating Brown's evidence in such regard, we feel that the defendant cannot prevail in this claim of contributory negligence, either.

In the first place, there is no positive affirmative evidence that the lighting equipment was faulty. Brown's testimony as to distance was never any more than an approximation. On direct testimony, he testified he had never measured the distance; he could see when the lights were on and *had an idea* it was *probably* fifty to seventy-five feet. Similar indecision on his part is revealed throughout his rigorous cross-examination. At one point he said he was "just guessing"; at another, he used the qualifying adverb "approximately"; again, he said "Well, I ain't much measuring distance by looking." Still later, he testified "I don't *think* the dims on them trucks will shine out that far [one hundred feet]."

Not a single witness measured the distance or examined the lights to ascertain whether they complied with statutory requirements. There is no suggestion that the headlights were not standard equipment and, on oral argument, defense counsel conceded that no such contention was being advanced. We believe that the defendant's bald assumption that a violation of K. S. A. 8-592 (*b*) was conclusively established is not warranted.

But even should we assume that the lights on plaintiff's truck did not conform to the statute, the question of proximate cause would still remain for decision. In *In re Estate of Lloyd*, 178 Kan. 572, 290 P. 2d 817, the appellant claimed that the appellee had violated two statutes, *i. e.*, G. S. 1949, 8-570 and 8-592, and by reason thereof was guilty of contributory negligence. In rejecting this contention, the court said:

". . . Counsel for appellant argue that the evidence discloses that Havely violated some portion of one of the above sections, but the simple fact that a person violates a section of the statute does not, of necessity, establish a fact that he is guilty of negligence as a matter of law. It must further be established that such violation of the statute was a proximate cause of the injury. . . ." (p. 576.)

A number of cases supporting this well-established principle are cited in the opinion.

Although defense counsel diligently sought to extract an admission from Brown that the accident would not have occurred had his headlights disclosed objects 100 feet ahead of him, success in this endeavor was always elusive. There was some testimony as to average reaction time and distances covered at certain speeds, but there was nothing therein which we could deem conclusive on proximate cause.

The jury may well have believed the sole proximate cause of this accident lay in a dark-colored truck parked at night, without lights, in the traveled lane of a highway. Of a similar situation, this court had occasion to say in *Drake v. Moore*, supra:

". . . Moreover, decedent, proceeding along the highway, had a right to assume there were no hidden, undisclosed defects, such as an unlighted truck, standing in the path of travel. The purpose of highways is for passage, travel, traffic, transportation and they are not maintained for the purpose of providing storage of automobiles. It is essential under our statute that an automobile or truck display a red light at the rear thereof which is visible at night, and its purpose is to provide a danger signal to overtaking traffic. A warning by proper lights is more necessary when the automobile is at rest than when it is in motion. . . ." (p. 315.)

This is essentially a fact case. Capable lawyers represented both litigants and we have no doubt that the trial was vigorously and capably conducted on both sides. The jury has found in plaintiff's favor and we find nothing in the record which would warrant us in disturbing its verdict.

The judgment of the court below is affirmed.

FROMME, J., not participating.