No. 44,727

OLIVE BINGHAM, *Appellee,* v. HILLCREST BOWL, INC., a Corporation, *Appellant.*

(427 P. 2d 591)

Opinion filed May 13, 1967.

*Jerry W. Hannah,* of Topeka, argued the cause, and *D. S. Hults,* of Lawrence, *Clayton M. Davis* and *Mark L. Bennett,* of Topeka, were with him on the brief for the appellant.

*John A. Emerson,* of Lawrence, argued the cause, and *Wayne Allphin, Jr., Richard A. Barber* and *Fred N. Six,* of Lawrence, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This action was brought under the provisions of G. S. 1961 Supp., 44-504, in the name of the injured employee, Olive Bingham, for her benefit and for the benefit of her employer, Joy'O, Inc., and its insurance carrier, Royal Indemnity Company, against a third party tort-feasor, Hillcrest Bowl, Inc., seeking to recover damages for personal injuries received by the plaintiff when she slipped and fell in defendant's bowling alley.

The case was previously before this court in *Bingham v. Hillcrest Bowl, Inc.,* 193 Kan. 201, 392 P. 2d 942, and we held that the petition stated a good cause of action, and the action was properly brought in plaintiff's name under the mentioned statute. Subsequently, issues were joined, the case was tried to a jury and resulted in a verdict in favor of plaintiff in the amount of $13,066. Defendant has appealed, contending (1) there was no evidence that it had actual or constructive notice of the alleged dangerous condition of the floor; (2) plaintiff was contributorily negligent as a matter of law; and (3) the trial court erred in certain rulings regarding the admissibility of evidence.

Summarily, the facts are that on May 6, 1960, a damp, misty morning—rain having commenced about 8:00 a. m.—plaintiff was delivering a tray of doughnuts about 11:00 or 11:30 a. m. to her employer's restaurant concession located in the bowling alley owned and operated by the defendant. A few feet inside the entrance to the building plaintiff slipped on the wet terrazzo floor, her feet went out from under her and she fell, landing on her coccyx. Hattie Wells, a waitress at the restaurant, looked up from the customers she was serving when she heard plaintiff cry out, and saw her lying on the floor a few feet inside the entranceway to the bowling alley. Mrs. Wells went to plaintiff's assistance and called an ambulance. Plaintiff was taken to a hospital. The injuries sustained by plaintiff

as a result of her fall necessitated spinal surgery and extensive hospitalization.

The record discloses that the bowling alley had been opened to the public at approximately 8:30 a. m., and at the time of the accident there were a number of bowlers inside the building. It had been raining intermittently throughout the morning, and there was moisture on the sidewalk and pavement as well as on the floor inside the building. A person entering the bowling alley was required to cross a recessed rubber foot mat and then a strip of terrazzo floor before reaching the carpeted concourse. Customarily, when the weather was damp or wet, a rubber, non-skid runner was unrolled across the terrazzo area. On previous wet days when plaintiff had made deliveries to the bowling alley this runner had been so laid, and she was accustomed to its being in place. At the time of plaintiff's fall, however, the runner was not down, but was put down shortly afterwards, and since has been laid regularly on wet days. The manager of the bowling alley was not on duty at the time of plaintiff's fall, and there was no evidence showing that the tracked-in moisture had been wiped from the terrazzo floor during this three-hour period, or that the floor had been otherwise maintained.

The defendant moved for a directed verdict at the end of plaintiff's evidence and also at the close of all the evidence. The court reserved ruling on these motions and submitted the matter to the jury. The jury returned a verdict for the plaintiff and, in answer to special questions, found the defendant was negligent in

"Failure to provide proper maintenance to entryway floor areas. Failure to provide a non-slip walkway during periods of precipitation."

and that plaintiff was not contributorily negligent. Again the defendant moved for judgment notwithstanding the verdict, and joined with it a motion for new trial pursuant to K. S. A. 60-250 (b). Defendant's several motions were overruled.

Defendant's principal points on appeal deal directly with the propriety of the trial court's denying the defendant's motions for directed verdict and motion for judgment notwithstanding the verdict. In testing the sufficiency of evidence as against such motions, the evidence and the inferences that can reasonably be drawn therefrom must be considered in the light most favorable to the party against whom the motion is directed; and if the evidence and the inferences viewed in that manner are of such character that

reasonable minds may reach different conclusions thereon, the motion for directed verdict should be overruled and the issues submitted to the jury. (*Williams v. Benefit Trust Life Ins. Co.*, 195 Kan. 579, 408 P. 2d 631; *First National Bank in Dodge City v. Keller,* 193 Kan. 581, 396 P. 2d 304; *Schmatjen v. Alexander,* 192 Kan. 807, 391 P. 2d 313.)

Defendant first contends the trial court erred in not sustaining defendant's motions for the reason the evidence failed to show it had actual or constructive notice of the alleged dangerous condition which caused plaintiff's fall.

We note that defendant concedes plaintiff was a business visitor, or invitee. Therefore, the defendant, as a proprietor, was under a duty to use ordinary care to keep in a reasonably safe condition those portions of its premises which could be expected to be used by invitees. (See *Smith v. Mr. D's, Inc.*, 197 Kan. 83, 415 P. 2d 251.) Where injury to a business invitee results from a dangerous condition not created by the proprietor but traceable to persons other than those for whom the proprietor is responsible, proof that the proprietor was negligent with respect to the condition requires a showing that he had actual notice thereof, or that the condition existed for such a length of time that in the exercise of ordinary care he would have known of it and taken action to remedy it. (*Smith v. Mr. D's, Inc.*, supra; *Magness v. Sidmans Restaurants, Inc.*, 195 Kan. 30, 402 P. 2d 767; *Hein v. Mills Building Co.*, 190 Kan. 198, 372 P. 2d 994; *Little v. Butner*, 186 Kan. 75, 348 P. 2d 1022.)

Defendant argues that there was no evidence about the amount of water on the floor, how long or how much it had been raining, or that defendant knew or should have known of the presence of the water, and relies on what was said in *Parks v. Montgomery Ward & Co.*, 198 F. 2d 772 (10th Cir. 1952), *Hein v. Mills Building Co.*, supra, and *Relahan v. F. W. Woolworth Co.*, 145 Kan. 884, 67 P. 2d 538. In *Parks,* the plaintiff slipped and fell on a floor which had become slippery due to water from the clothing and shoes of persons coming into the defendant's store. It had been raining almost continuously since 6:00 a. m. until about 11:00 a. m., when the accident occurred. There was no evidence when the store opened for business. Applying Kansas law, the court held that plaintiff failed to establish actionable negligence on the part of the defendant, and observed as follows:

". . . There was no showing as to how long the condition had existed,

whether defendant had actual knowledge of its existence, or whether the floor had been mopped from time to time during the morning. There was an absence of any showing that it was a common practice or precaution of prudent merchants under similar circumstances to keep a mat or other covering on the floor. . . ." (p. 775.)

In *Hein,* it had been raining, and after plaintiff had entered the building about 8:00 or 8:15 a. m., she fell. The building had been open to the public since approximately 7:00 a. m. The sidewalks and streets were wet, and there was water on the linoleum floor inside the door where plaintiff fell. In holding that the trial court properly sustained a demurrer to plaintiff's evidence, the court said there was no evidence as to the extent or amount of water that had accumulated on the floor, when it had started to rain, the extent of rainfall, nor was there any showing that it was common practice of the defendant or similar places of business to use mats or other protective floor coverings. Similarly, in *Relahan,* the plaintiff was injured from slipping on a stairway where candy wrappers were found, but there was no evidence she in fact slipped on the wrappers or that they had remained on the steps for a sufficient length of time to charge the defendant with constructive notice of their presence. The facts in the foregoing cases are, in our opinion, clearly distinguishable from those of the instant case.

Here, there was expert testimony to the effect that a terrazzo floor was extremely slippery and dangerous when wet. That the defendant was well aware of such condition is evidenced by the fact it customarily covered the area with a non-skid rubber runner on occasions when the weather was damp or wet. On the day in question it had been raining in varying intensity approximately three hours after defendant opened its doors to the public, during which time a number of bowlers had already entered the premises. The terrazzo floor had become wet to the extent, at least, that after plaintiff's fall her uniform was soiled and damp. This evidence was sufficient, in our opinion, to charge the defendant with constructive notice of the dangerous condition of the floor in that the defendant knew or should have known from the length of time it had been raining, and the fact that patrons tracked in moisture and thereby made the terrazzo floor slippery, that corrective action, such as putting down the rubber runner, should have been taken. The trial court properly left the matter to be resolved by the jury. Implicit in the jury's general verdict is a finding that the condition

had existed for such a length of time that in the exercise of ordinary care the defendant should have known about it and taken remedial action.

Our conclusion on this point finds support in *Pignatelli v. Gimbel Bros.*, 285 App. Div. 625, 140 N. Y. S. 2d 23, 131 N. E. 2d 578, 309 N. Y. 901, the facts of which bear striking similarity to those here. There, the plaintiff fell on a wet terrazzo floor which normally was covered with a rubber mat during periods of precipitation. In affirming a judgment for the plaintiff, the court stated that the jury would have been justified in finding that defendant knew or should have known that it had rained for a considerable period of time and that patrons would track in mud and water, making the terrazzo floor dangerously slippery. From experience, the court said, the defendant was aware of the danger and knew what measures had to be taken to protect the public, and had accordingly adopted a custom of placing down a mat on rainy days.

The liability of a proprietor for injuries sustained by a business invitee who falls on a terrazzo floor made slippery by water, oil, mud or snow, has been the subject of much litigation in courts throughout the land. Many of the cases are collected and reviewed in the extensive annotation in 62 A. L. R. 2d 6-120, particularly § 13.

Defendant next contends the court erred in failing to find that plaintiff was contributorily negligent as a matter of law because she (1) failed to use the recessed foot mat and (2) failed to look ahead and observe the floor.

In *Newman v. Case*, 196 Kan. 689, 413 P. 2d 1013, we said:

"Contributory negligence is never presumed, but must be established by proof. Ordinarily, its existence in a given case is a question of fact, it being for the jury to decide whether the conduct of a party measures up to that expected of a reasonably careful man. Only when conduct can be said as a matter of law to have fallen below the standard of a reasonably prudent person may the question of contributory negligence be taken from the jury and determined by the court." (p. 691.)

Also, see *Johnston, Administratrix v. Ecord*, 196 Kan. 521, 412 P. 2d 990.

Plaintiff testified she did not remember whether or not she wiped her feet on the recessed mat immediately inside the door. This is hardly an admission that she failed to do so. Moreover, there was evidence that the mat was not absorbent or designed to dry the soles of shoes. Plaintiff also testified she doubted that she was looking at the floor when she entered the bowling alley. It must

be remembered that plaintiff was carrying a tray of doughnuts in front of her at the time, and she could not be expected to be watching the floor at each and every step. She had entered the doorway on prior occasions, but the rubber mat was always in place across the terrazzo floor during periods of precipitation. Under the circumstances, it cannot be said she had reason to expect or anticipate the dangerous condition of the floor. A business invitee's failure to look out for danger on the premises where there is no reason for an ordinarily prudent person to apprehend any does not constitute contributory negligence. (*Little v. Butner*, supra; *Marietta v. Springer*, 193 Kan. 266, 392 P. 2d 858. Also, see Anno. 62 A. L. R. 2d 111, § 19.)

In face of the evidence, we believe the question of plaintiff's contributory negligence was properly submitted to the jury for determination as an issue of fact.

Defendant's remaining points have to do with rulings of the court on admissibility of certain evidence. These points were included in the defendant's combined post-trial motions as grounds for a new trial, but were not argued at the hearing on the motions. Plaintiff now urges that by defendant's failing to argue the matters to the trial court, such points were waived and are not now subject to appellate review. We do not agree. The filing of a motion for new trial is no longer a prerequisite to appellate review under the rules applicable to the new code of civil procedure (Rule No. 6[*d*], 194 Kan. XIV; *Moyer v. Board of County Commissioners*, 197 Kan. 23, 415 P. 2d 261; *Schoof v. Byrd*, 197 Kan. 38, 415 P. 2d 384), and the mere fact that a motion for new trial is filed but certain points stated therein are not argued to the trial court does not preclude appellate review of such points.

Defendant asserts that the trial court erred in prohibiting it from apprising the jury that the action was brought by plaintiff's employer and insurance carrier in the name of the plaintiff under G. S. 1961 Supp. 44-504, for their subrogation claim in the amount of $7,100.80. At the pretrial conference, over defendant's objection, the trial court ruled that the matter of subrogation in workmen's compensation would not be revealed to the jury by either the court or counsel. The defendant cites no authority to sustain its contention the jury should have been informed of the employer's and insurance carrier's interests in the case. We are of the opinion the trial court correctly ruled that the interests were in no way relevant to the determination of the issues of fact by the jury. It

was emphasized in *Sundgren v. Topeka Transportation Co.*, 178 Kan. 83, 283 P. 2d 444, that

". . . The statute [44-504] was not enacted to relieve, alter or vary in any way the liability for the tort of the third party wrongdoer. (*Moeser v. Shunk*, 116 Kan. 247, 226 Pac. 784.) The liability of the tort-feasor remains the same for two years after the injury no matter who brings the action—the employee or the employer. . . ." (p. 88.)

On the morning of trial the defendant indicated it desired to introduce evidence in the nature of admissions against interest made by an authorized agent of Joy'O, Inc. The court reserved ruling until the evidence was offered at trial. The defendant called Albert Adams, manager of Joy'O, Inc., and, through him, offered "Exhibit C," an accident report made out by Mr. Adams pertaining to plaintiff's fall and filed with the workmen's compensation director. The proffer was rejected. Defendant's only ostensible and legitimate purpose in attempting to inject the employer and insurance carrier into the lawsuit was to introduce "Exhibit C," which contained a statement the "employee passed out." G. S. 1949 [now K. S. A.] 44-557 requires an employer to file a report of any accident, but the statute specifically provides that such report shall not be used or considered as evidence before the director, or in any court in this state. Thus, the trial court properly excluded "Exhibit C" from evidence.

Finally, the defendant urges the court erred in excluding rebuttal testimony of Dr. Ehlert, plaintiff's chiropractor, that she had had a prior fainting spell and a prior back injury. We have examined the record on the point, and the testimony need not be detailed. We believe, under all the circumstances, that the trial court properly excluded the testimony concerning an alleged prior fainting spell on the basis there had been no evidence in relation to the fall of plaintiff's having fainted, and thus was irrelevant; and likewise, the court in its sound discretion could reject such testimony for impeachment purposes. (K. S. A. 60-422 [*b*].) In respect to testimony of a prior back injury, there was an absence of any evidence tending to link such injury to plaintiff's present back condition, and the trial court, in our opinion, correctly ruled the testimony was not relevant. (K. S. A. 60-401 [*b*].)

In view of what has been said, we fail to find anything in the record that would warrant our disturbing the judgment rendered below. Accordingly, the judgment is affirmed.