**Anne J. MILLER, Appellant**
**(Plaintiff below),**
v.
**CITY OF LANDER, Appellee**
**(Defendant below).**

No. 3694.

Supreme Court of Wyoming.

May 7, 1969.

Donald R. Winship, Harry E. Leimback, Casper, for appellant.

Bard Ferrall, Cheyenne, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

McINTYRE, J., delivered the opinion of the court.

Anne J. Miller sued the City of Lander for personal injuries suffered when she was struck by a vehicle known as a go-kart. The vehicle which struck plaintiff was being driven by Mr. Joe Scott, who was not an agent or employee of the city.

The accident happened during a celebration in Lander called "Lander Pioneer Days." Suit was predicated on the theory that the city authorized and permitted a go-kart racing event on the streets of Lander; that the "race" was a highly dangerous event; that Scott's vehicle went out of control during this race striking and injurying Mrs. Miller, a spectator; and that the City of Lander is liable for plaintiff's damages on account of its negligence in permitting such a dangerous event.

Issues in the case were tried to a jury. Its verdict was for the defendant and against plaintiff-Miller. She has appealed. No issue of governmental immunity has been raised.

Attorneys for appellant seem to recognize our court must assume all evidence favorable to the successful party below to be true and leave out of consideration the evidence favorable to the unsuccessful party in conflict therewith. We must also give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. Brasel and Sims Construction Co. v. Neuman Transit Co., Wyo., 378 P.2d 501, 503; Fisher v. Robbins, 78 Wyo. 50, 319 P.2d 116, 117–118.

■ Judging the evidence in the light of this accepted appellate rule, we must note that such evidence was sufficient for the jury to find the City of Lander had not authorized or permitted a go-kart race; that there was in fact no go-kart race but only an exhibition involving go-karts; and that the actions of Joe Scott were actions of his own and not actions of the city.

Apparently in recognition of the evidence being in conflict, attorneys for appellant have not assigned as a ground for reversal that there was an absence of substantial evidence to support the verdict of the jury. Instead, they seek reversal because of the trial court's failure to give certain instructions offered on behalf of the plaintiff. There seems to be no objection on behalf of plaintiff-appellant to any of the instructions which were given.

Proposed instruction 1B, which appellant claims should have been given, would have instructed the jury that, if the city participated with any other group or organization in permitting a dangerous condition upon its streets, it could be found liable in damages.

■ Such an instruction would not have been proper because it omits the element of proximate cause. It goes without saying that the city would not be liable for plaintiff's damage unless it was negligent *and* unless such negligence was a proximate cause of plaintiff's injury. Moreover, other instructions which were given amply defined negligence and informed the jury that a municipality is under a duty to keep its streets safe; and that if it authorizes or permits a dangerous condition to occur on its streets, it may be liable to a person who suffers injury as a result. Thus, the jury was fully instructed as plaintiff requested in 1B, except that liability was limited to a person "who suffers injury as a result." Such limitation was proper.

Plaintiff's proposed instructions 1D, 1G, 1H, 1-I, and 1K were all to the effect that a city or town must take care to keep its streets in a reasonably safe condition for those invited to come upon such streets; and that such city or town is liable in a civil action for injuries resulting from neglect to perform this duty.

With respect to this subject matter, the court gave Instruction 10 which stated:

"You are instructed, that a municipality is under duty to the public to keep its streets in a reasonably safe condition; that failure to do so constitutes negligence on its part, and that, if a municipality authorizes or permits an inherently dangerous condition to occur on its streets, it may be liable to a person who suffers injury as a result."

■ This instruction was specific and fully covered all that plaintiff was requesting in her proposed instructions 1D, 1G, 1H, 1-I, and 1K. To have given further instructions on the matter, as requested by plaintiff's attorneys, would have been repetitious.

■ The instruction given did not indicate the city had any exemption from liability, no matter whether plaintiff may have been an invitee, licensee, or trespasser. We need not therefore get into the question of what her status was. It is clear the city was not an insurer. See Watts v. Holmes, Wyo., 386 P.2d 718, 719.

Appellant complains of the court's refusal of her proposed instruction 1E. It would have instructed that maintenance of a dangerous thing in a public place "has been referred to" as a nuisance and for purposes of this trial maintaining a nuisance is defined as being the maintenance of a dangerous thing in a public place.

Such an instruction would have told the jury nothing pertinent to its decision and could only have been confusing. The jury was told, by the court's Instruction 10, that if a municipality authorizes or permits an inherently dangerous condition to occur on its streets it may be liable to a person who suffers injury as a result.

The fact to be determined by the jury was whether plaintiff suffered injury as a

result of the City of Lander authorizing or permitting a dangerous condition to occur on its streets. If the jury were to find that plaintiff did suffer injury as a result of the city authorizing or permitting a dangerous condition to occur on its streets, it would be immaterial whether the resulting liability was based on the theory of a nuisance, on the theory of negligence, or on some other theory.

■ The important thing is that plaintiff got an instruction to the effect that she could prevail if she proved she was injured as a result of the city permitting a dangerous condition to occur on the streets. She was not prejudiced by the absence of a questionable and confusing definition of the term "maintaining a nuisance."

In Ramirez v. City of Cheyenne, 34 Wyo. 67, 241 P. 710, 713, 42 A.L.R. 245, Justice Kimball stated:

"It has been said that 'nuisance' is a good word to beg a question with. Its use in relation to acts that give rise to private actions for damages might well be confined to infringements of rights appurtenant to real property."

We have previously stated no issue of governmental immunity has been raised. In this regard plaintiff has relied upon the consent to sue contained in § 15.1-4, W.S.1957, C. 1965. However, that consent extends only to actions for the "claimed negligent acts" of a city or town. The section states specifically that it applies only to the "negligent acts" of cities or towns.

Instructions offered on behalf of plaintiff and numbered 1C and 1F would have told the jury it is presumed the city has notice of an existing nuisance it has created and that it must abate a dangerous condition or nuisance upon its property of which it has had notice.

■ This is not an action to abate a nuisance, and there was no issue before the jury of either abatement or notice. Hence the refusal of offered instructions 1C and 1F was not prejudicial error.

By plaintiff's offered instruction 1N, it was sought to have the jury instructed that the statutes of Wyoming authorize any city or town to carry liability insurance; and that any person damaged by the claimed negligent acts of a city or town may maintain an action for damages against the city or town.

■ Even if the City of Lander did have liability insurance, its insurance carrier was not a party to this action. Courts scrupulously guard against the injection of the fact of insurance during trial, when the insurance company is not a party to the action, because the interests of defendant and insurer are in no way relevant to a determination of issues of fact by the jury. Eagan v. O'Malley, 45 Wyo. 505, 21 P.2d 821, 822; Di Pietruntonio v. Superior Court In and For County of Maricopa, 84 Ariz. 291, 327 P.2d 746, 750; Bingham v. Hillcrest Bowl, Inc., 199 Kan. 40, 427 P.2d 591, 597. The instruction offered as 1N was properly refused.

At the trial, plaintiff offered an instruction, 1P, in which was set forth in six argumentative paragraphs a statement of various contentions made by plaintiff. The instruction ended with the statement that defendant denies, by a general denial, any responsibility under the plaintiff's contentions and asserts that, if there is liability on the part of the defendant, it is absolved therefrom by reason of plaintiff's assumption of risk.

■ The proposed instruction was clearly a statement of contentions, from plaintiff's point of view, and not at all a fair and impartial statement of the issues. The offer was properly rejected.

Finally, attorneys for appellant contend the City of Lander is liable for plaintiff's injuries as a matter of law. They complain because their instruction 1-O was not given, which in effect would have directed a verdict for plaintiff "irrespective of the question of negligence."

Not only is there an absence of authority for such a rash contention, but the

contention overlooks the fact that the jury was entitled, from the evidence, to believe and apparently it did believe that the city had not authorized a go-kart race; and that there was in fact no go-kart race or inherently dangerous condition on the streets, as contended by plaintiff.

Since appellant admits the evidence was in conflict, and we find no reversible error in the assignments made, we must affirm. Whether the jury properly weighed the evidence before it and arrived at the right conclusions of fact is not for us to decide. We cannot, of course, substitute our judgment on the facts for the jury's.

Affirmed.