No. 45,886

Maria T. Diaz, *Appellee*, v. Dwight C. Duke, *Appellant*.

(482 P. 2d 48)

Opinion filed March 6, 1971.

*Herbert A. Marshall*, of Marshall, Hawks, McKinney & Hundley, of Topeka, argued the cause, and was on the brief for appellant.

*Richard F. Waters*, of Harper, Hornbaker, Waters & Abbott, of Junction City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: The action was to recover damages for personal injuries sustained in an automobile collision on Grant Avenue, in Junction City.

At the close of all the evidence, and over the objection of the defendant, the district court sustained the plaintiff's motion for a directed verdict on the issue of liability, and instructed the jury the defendant was negligent as a matter of law. The verdict was for the plaintiff in the amount of $20,000, and the defendant has appealed. We reverse on the ground the defendant's liability was a question of fact to be determined by the jury.

In the late afternoon on June 30, 1966, the plaintiff was driving in a westerly direction on Grant Avenue in Junction City from her home in Fort Riley, to attend the grand opening of Gibson's Store which was to the south of and fronted on Grant Avenue. The ave-

nue is a four lane concrete street with a medial strip, connecting Fort Riley with Junction City. The plaintiff had proceeded in the left lane of traffic for several blocks and came to a stop in the inside or left lane of traffic behind another car which had stopped to make a left turn into Gibson's parking lot. She had the left turn signal on, which continued to operate. At that time, there was heavy traffic in the two easterly lanes of Grant Avenue which she had to cross.

The defendant was also proceeding in a westerly direction on Grant Avenue in the inside or left lane of traffic. He was alone in his car, and he had about a half mile of clear vision down the street. There were other automobiles ahead of him, proceeding in the same direction, but he saw none of them stopped. He was traveling about 35 miles per hour, when the sun suddenly flashed into his eyes, reflecting off the hood of his freshly washed and waxed automobile and blinded him so that he did not see the plaintiff's car. He drove into the rear of the plaintiff's car at about the same speed he had been previously traveling.

The defendant testified that he was a sergeant in the United States Army and was stationed at Fort Riley; that he was not on duty on June 30, 1966, because it was payday for everyone; that he owned a 1956 Chevrolet automobile which he washed, waxed and highly polished that day; that he had worked about three hours on his car that afternoon cleaning and polishing it; that he started into Junction City where he planned to have dinner and attend a movie; that his automobile was proceeding westerly on Grant Avenue into Junction City; that he had been stationed at Fort Riley for about five days, having returned from Vietnam, and that he was not aware of the opening of the new Gibson Store that day, or that it was located south of Grant Avenue, and that there was other traffic in the two westbound lanes, which was proceeding about the same speed as he was traveling. The following questions were asked and answered by him on direct examination:

"Q. Now, Sergeant, as you approached the place where this accident occurred, did anything occur to impair your vision of the street?

"A. Yes, sir. On the way in, the sun had been slightly in my eyes, but not enough to really bother me, and then just prior to the accident, the sun started really reflecting off the hood of my car, and it got me in the eyes.

"Q. Did this blind you?

"A. Yes, sir, it did.

"Q. What did you do when this happened?

"A. Took my foot off the gas and down-shifted into second gear.

"Q. And what were you intending to do with your car?

"A. I was intending to stop and try to get out of the left lane where I could get out of the road.

"Q. Was there any other traffic that kept you from pulling into that lane?

"A. Yes, sir, the right-hand lane was completely full.

"Q. Now, with the sun in your eyes, tell the jury whether you saw Mrs. Diaz's car before the accident.

"A. I never saw it.

"Q. And then what occurred?

"A. I had just gotten my foot off the clutch after shifting into second gear and ran into the back of her car."

There was no evidence contrary to that of the defendant on the subject of the blinding nature of the sun's reflection into his eyes prior to and at the moment of the impact, and if the jury believed the defendant's testimony, it could have found that on account of being suddenly blinded by the sun, he did not negligently operate his automobile.

It may be said, generally speaking, the "blinding light" rule as applied by this court is that ordinarily a motorist must correlate his ability to stop his vehicle within the distance objects can be seen ahead; but the rule is subject to qualification and exception where there is a sudden change in the motorist's situation not caused by his own failure or neglect, and that where he is suddenly blinded so that he has no opportunity to stop his vehicle or slacken his speed, he would not be guilty of negligence as a matter of law if he collides with something on the highway. (*Anderson v. Thompson*, 137 Kan. 754, 22 P. 2d 438; *Conwill v. Fairmount Creamery Co.*, 136 Kan. 861, 18 P. 2d 193; *Towell v. Staley*, 161 Kan. 127, 166 P. 2d 699; *Newman v. Case*, 196 Kan. 689, 413 P. 2d 1013; *Schenck v. Thompson*, 201 Kan. 608, 616, 617, 443 P. 2d 298.) In *Nagata v. Kahului Dev. Co.*, 49 Haw. 378, 420 P. 2d 103, it was said that the standard of care has been generally held to be the same whether the impairment of vision is caused by sunlight or oncoming headlights. (Anno: 22 A. L. R. 2d 292, 408.)

In passing upon the correctness of the district court's ruling that the defendant was negligent as a matter of law, it is to be remembered that all of the testimony favorable to him, together with all reasonable inferences to be drawn therefrom, must be accepted as true, and all unfavorable testimony be disregarded. The rule is stated in *Deemer v. Reichart*, 195 Kan. 232, 404 P. 2d 174, where this court said:

". . . [I]t may be stated very generally the question of contributory negligence is ordinarily one of fact to be determined by the jury, it being for the jury to determine, considering the special circumstances of each particular case, whether the conduct of the party was such as would be expected by a reasonably careful person. In determining whether as a matter of law a plaintiff is guilty of contributory negligence precluding his recovery, all of the testimony favorable to the plaintiff together with all reasonable inferences and deductions to be drawn therefrom must be accepted as true, and if the facts are such that reasonable minds might reach different conclusions thereon, the question must be submitted to the jury and cannot be determined by the court as a matter of law. (See *Sponable v. Thomas,* 139 Kan. 710, 33 P. 2d 721.)" (l. c. 241.)

The jury had before it testimony of the blinding effect of the sun's reflection from the hood of the defendant's freshly waxed and polished automobile, which, if accepted as true, would have relieved him of negligence. In *Krentz v. Haney,* 187 Kan. 428, 357 P. 2d 793, this court said:

". . . This is the kind of an action in which each party is entitled to a trial by jury as a matter of right. *Such an action should not be converted into a trial by the court.* Negligence is the lack of due care. The instances are relatively rare when the facts are such that the court should say that as a matter of law the negligence alleged had been established. Before the court should make such a holding the evidence should be so clear that reasonable minds considering it could have but one opinion; namely, that the party was negligent. . . ." (l. c. 431.)

Had the question of the defendant's negligence been presented to the jury, it may or may not have accepted his testimony as to the blinding effect of the sun's reflection. Be that as it may, we are of the opinion the evidence presented a situation where reasonable minds might reach different conclusions as to whether the defendant was negligent, and if so, whether his negligence was the proximate cause of the injuries complained of. The question was clearly one to be presented to a jury, and not determined by the court as a matter of law.

Other inconsequential points have been raised, but in view of the conclusion just announced, it is unnecessary to discuss them. The judgment of the district court is reversed with directions to sustain the defendant's motion for a new trial, and proceed in accordance with the views expressed in this opinion.

It is so ordered.