No. 46,061

PEARL BENDER, *Appellant,* v. BULGER CADILLAC-OLDSMOBILE, INC., *Appellee.*

(490 P. 2d 361)

Opinion filed November 6, 1971.

*David Egan,* of Wichita, argued the cause, and *John C. Frank,* of Wichita, was with him on the brief for the appellant.

*Roger Sherwood,* of Kahrs, Nelson, Fanning, Hite and Kellogg, of Wichita, argued the cause, and *Larry A. Withers,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a damage action wherein the plaintiff, Pearl Bender, seeks recovery for personal injuries allegedly sustained while she was a business invitee on the used car lot of Bulger Cadillac-Oldsmobile, Inc. in Wichita. At the conclusion of plaintiff's evidence the trial court sustained the defendant's motion for a directed verdict and the plaintiff appeals.

The only questions presented are whether the record discloses the plaintiff to be guilty of contributory negligence, and the defendant not guilty of negligence, as a matter of law.

The testimony shows that Pearl Bender (plaintiff-appellant) was taken across the street from the main showroom of Bulger Cadillac-Oldsmobile, Inc. (defendant-appellee) to the used car lot by one of Bulger's salesmen, Paul Wright. Mr. Wright showed an Oldsmobile Delta 88 to Mrs. Bender and proceeded to explain various aspects of the automobile to her. In order to better point out the backseat legroom to her, Mr. Wright reached over to open the back door on the passenger side. Mrs. Bender testified up to that point in time she had been walking "kinda sideways" between the Oldsmobile and another auto. However, Mrs. Bender was standing in a position which required her to move before the door could be

opened, and as she stepped back to get out of the way of the opening door she fell backward over a bumper curb approximately eight inches high. The curb was unpainted and essentially the same color as the surrounding parking lot.

The issues outlined in the pretrial order were stipulated as follows: Did the plaintiff's fall occur as a result of the defendant's negligence in failing to use ordinary care to keep the premises in a reasonably safe condition or to warn plaintiff of a dangerous condition with reference to the following particulars:

(1) Failure to paint a curb located in a parking lot; or

(2) Failure to advise plaintiff that the curb was present though not painted.

Is the plaintiff's cause of action barred by contributory negligence in one or more of the following particulars:

(1) Failing to observe the curbing;

(2) Failing to watch where she was walking;

(3) Walking backward in an unfamiliar area; or

(4) Walking in a careless manner.

Orders entered at pretrial conference have the full force of other orders of court and they control the subsequent course of the action, unless modified at the trial to prevent manifest injustice. (K. S. A. 60-216; *Brown v. Hardin,* 197 Kan. 517, 419 P. 2d 912; and *Freeto Construction Co. v. American Hoist & Derrick Co.,* 203 Kan. 741, 457 P. 2d 1.)

In sustaining Bulger's motion for a directed verdict the trial court specifically found:

". . . there is no evidence to show these parking curbs . . . were negligently constructed or negligently maintained. . . .

". . . there is no substantial competent evidence to submit to the jury concerning negligence on the part of the defendant, but that the evidence does show, as a matter of law, the plaintiff committed negligence which contributed to cause her injuries. . . ."

Whether the defendant should have painted the bumper curb a contrasting color to the pavement so as to make the premises reasonably safe for business invitees; and whether Mrs. Bender would have seen the curb had it been so painted as she was walking sideways between the cars, in our opinion, are questions to be answered by a jury on the evidence here presented.

Contributory negligence is ordinarily a question of fact and only when, as a matter of law, it can be said that plaintiff's conduct has fallen below the standard of a reasonably prudent man may

the question be taken from the jury and determined by the court.

In ascertaining whether the plaintiff is contributorily negligent as a matter of law, the evidence and all inferences reasonably to be drawn therefrom must be accepted as true and considered in the light most favorable to plaintiff. If the facts, so viewed, be such that reasonable minds might reach different conclusions therefrom, the issue of contributory negligence must go to the jury. When the facts are in dispute or different inferences may be drawn from the facts, the existence of negligence is a question for the jury. (*Schenck v. Thompson*, 201 Kan. 608, 443 P. 2d 298; *Smithson, Executor v. Dunham*, 201 Kan. 455, 441 P. 2d 823; *Bingham v. Hillcrest Bowl, Inc.*, 199 Kan. 40, 427 P. 2d 591; *Gardner v. Pereboom*, 197 Kan. 188, 416 P. 2d 67; *Newman v. Case*, 196 Kan. 689, 413 P. 2d 1013; and *Deemer v. Reichart*, 195 Kan. 232, 404 P. 2d 174.)

The questions of defendant's negligence and plaintiff's contributory negligence should not have been taken from the jury. Accordingly, the judgment of the lower court is reversed and the case is remanded for further proceedings consistent with this opinion.