No. 46,484

Robert L. Roe, *Appellee,* v. Judy A. Cantrell Stigall, *Appellant.*

(499 P. 2d 1049)

Opinion filed July 19, 1972.

*John J. Alder, Richard D. Rixner, Donald L. Zemites, Jerald R. Long* and *Sharon Anne Laswell,* of Overland Park, were on the brief for appellant.

*Bill E. Fabian* and *Clifford T. Mueller,* of Kansas City, were on the brief for appellee.

*Per Curiam:* On February 21, 1968, plaintiff Roe filed suit for $10,000 for personal injuries proximately caused by the negligence of the defendant Stigall. Defendant filed an answer and a counterclaim specifically raising the issue of plaintiff's own negligence. In her counterclaim she prayed for $35,000 for injuries sustained, and for $15,000 punitive damages.

Plaintiff was attempting to pass defendant's car when defendant made a left turn into a driveway. Plaintiff wasn't expecting the turn because, according to him, defendant's left turn signal had been on for several blocks.

The jury found for plaintiff, and defendant claims plaintiff was contributorily negligent as a matter of law.

The existence of contributory negligence is ordinarily a question of fact for the jury to determine under the circumstances of each particular case. In ascertaining whether the plaintiff is contributorially negligent as a matter of law, the evidence and all inferences reasonably to be drawn therefrom must be accepted as true and considered in the light most favorable to plaintiff. If the facts, so viewed, be such that reasonable minds might reach different conclusions therefrom, the issue of contributory negligence must go to the jury. (*Bender v. Bulger Cadillac-Oldsmobile, Inc.,* 208 Kan. 72, 74, 490 P. 2d 361, and cases cited therein.) The factual circumstances shown in the record here raised a genuine issue of fact as to the contributory negligence of plaintiff which was properly submitted to the jury.

Appellant urges the trial court also erred in not granting defendant

a new trial by reason of the misconduct of juror Beashore in talking to defendant and defendant's husband.

After the trial of the case began, the defendant's name was mentioned frequently by the attorneys and several references were also made to the community of Mountain Grove, Missouri. Juror Beashore had a friend by the name of Jerry Stigall who lived in Mountain Grove, Missouri, and as the trial progressed, Beashore became curious about the possible relationship between the defendant and his friend, Jerry Stigall. To satisfy his curiosity, Beashore approached the defendant and her husband in the hallway on two or three occasions while court was in recess and inquired about their relationship to Jerry Stigall. All of these conversations were brief and no mention was made in them of the case or of any subject other than defendant's relationship to Jerry Stigall.

The defendant raised the matter of Juror Beashore's conduct as one of the grounds of her posttrial motion, claiming that it constituted prejudicial misconduct and required the granting of a new trial. After a full hearing, which included oral testimony by the defendant and her husband, the trial court overruled defendant's motion.

"Our rule is that, in the first instance, it is for the trial court to determine whether misconduct on the part of the jury has resulted in prejudice to a litigant's rights, and its judgment will not be disturbed in the absence of a clear abuse of discretion." (*Furstenberg v. Wesley Medical Center,* 200 Kan. 277, 436 P. 2d 369, Syl. ¶ 7.)

"When a party or his counsel has knowledge of an act or a statement of a juror or an occurrence in which a juror is involved that might amount to misconduct and fails to bring it to the attention of the court or to request remedial action until after the rendition of a verdict, the failure operates as a waiver of the occurrence or act as a ground for a new trial." (*Nelson v. Hardesty,* 205 Kan. 112, 116, 468 P. 2d 173.)

An examination of all the points presented on appeal reveals no reason to modify the judgment of the trial court.

Judgment is affirmed.