No. 21,898.

MARY NEEDLES, *Appellee,* v. THE WICHITA PARK AMUSEMENT COMPANY, and J. T. NUTTLE, *Appellants.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Depression in Amusement Park—Personal Injuries.* The evidence examined, and held sufficient to sustain a judgment for damages for negligence in permitting the existence of a depression in defendant's amusement park which caused an injury to plaintiff.

2. SAME—*Findings—Verdict.* The rule followed that special findings are to be construed, wherever possible, to harmonize with the general verdict.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed May 10, 1919. Affirmed.

*S. B. Amidon, D. M. Dale, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellants.

*E. L. Foulke,* of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff was injured in defendant's amusement park in Wichita. She stepped into a small depression in the park grounds and fell and broke her arm. She brought this action for damages, and recovered judgment for $500. The jury made certain special findings:

"No. 1. Q. If you find for the plaintiff, upon what specific acts of negligence do you base your finding? A. By allowing open depression in grounds.

"No. 5. Q. Did the defendants know of the condition of the depression in question? A. No.

"No. 7. Q. How long had the depression existed prior to the time of the injury, in the condition it was at the time of the injury? A. No evidence.

"No. A.  Q. Was there anything about the depression in question which would direct the attention of either of the defendants to its condition?  A. Not necessarily.

"No. E.  Q. If you find the depression in question was dangerous, state wherein the same was dangerous?  A. Open depression."

Defendant contends that its demurrer to plaintiff's evidence should have been sustained, and that it was entitled to judgment on the special findings.

Touching the first of these, the evidence tended to show that defendant maintained an amusement park in Wichita, in which were a variety of attractions. The defendant charged an admission fee at the park entrance. On July 5, 1915, some fourteen thousand people, including the plaintiff, had assembled in the park. In going from one place to another within the park, plaintiff stepped into a depression in the ground, which threw her and broke her arm. A witness testified that some days before this accident occurred he saw a depression in the park about where plaintiff was injured. This depression was in a walk, and it was about ten inches deep, eighteen inches long and six inches wide. Sometime after plaintiff's accident, the witness was again in the park, and the depression had been leveled. There was other evidence to the same general effect, and the plaintiff's injuries and their cause were fully established. Defendant contends, without assigning error thereon, that the court erred in instructing the jury that if the park was not kept in a reasonably safe condition for persons invited to enter it, defendant's negligence in this respect rendered it liable to plaintiff, and that defendant's knowledge or ignorance of the depression was immaterial. Since it was defendant's duty to keep the park in safe condition for its patrons to use, it was negligence to overlook and disregard that duty. (*Reese v. Abeles,* 100 Kan. 518, 164 Pac. 1080.) If defendant had not been negligent, a sudden and unexpected appearance of the depression in the walk or grounds, and the consequent injury of plaintiff, would present a different and more difficult question. But here there was some evidence showing that the depression had existed for a number of days, at least, and in the nature of things plaintiff could not be expected to know or to prove how long the depression had existed. Defendant did produce a number of witnesses who were fa-

miliar with the park grounds and whose testimony tended to show that there was no visible depression shortly before the accident. But the woman was injured by such a depression, and one of her witnesses testified that it was there in the "latter part of June," which must have been a week before the accident, and since the jury believed plaintiff's evidence and disbelieved the defendant's, the existence of the depression for some considerable length of time must be regarded as established, and defendant was chargeable with knowledge of the defect.

The only point for cavil about the special findings is in the jury's answer to question No. 7. The jury said there was no evidence to show how long the depression had existed prior to plaintiff's injury. That response was only literally true. There was evidence (which the jury could have disbelieved) that it existed in the "latter part of June," while the accident occurred on July 5. It may have existed much longer. The finding must be construed as meaning that, while the depression had existed for some time, the jury could not tell how long, since there was no evidence on that precise point. (*Tarin v. Railway Co.*, 98 Kan. 605, 158 Pac. 874.) Thus construed, the finding merely means that there was no evidence to show when the depression first appeared, so as to permit a computation of the length of time the depression had existed. Special findings, wherever possible, are to be considered to support the general verdict. There was no request that this finding be made more definite; and, as it stands, it is not at variance with the other special findings, nor with the general verdict.

The judgment is affirmed.