No. 33,354

NAOMI RELAHAN, *Appellee*, v. F. W. WOOLWORTH COMPANY, *Appellant*.

(67 P. 2d 538)

Opinion filed May 8, 1937.

*J. E. McFadden, T. P. Palmer,* both of Kansas City, *O. C. Mosman, Clay C. Rogers, C. Jasper Bell* and *Paul A. Buzard,* all of Kansas City, Mo., for the appellant.

*David F. Carson* and *Charles R. Foerschler,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action for damages for personal injuries sustained by plaintiff in falling on a stairway in defendant's store. Judgment was for the plaintiff, and defendant appeals.

Plaintiff alleges in her petition that, intending to make some purchases, she entered defendant's store at 1109 Main street in Kansas City, Mo., and proceeded down an iron stairway from the first floor to the basement; that on the steps of the iron stairway there were numerous fragments of paper and other debris, among which were wrappers of large Hershey candy bars which were on sale in defendant's store; that said wrappings were of a dark-brown color and composed of very slick paper; that while using due care in going down the stairway, her foot came in contact with and stepped on the papers and scattered debris and slick Hershey wrappings, which caused her to slip and fall, causing serious injuries.

As acts of negligence plaintiff's petition states:

"Defendant, through its agents, servants and employees, who are unknown to this plaintiff, was careless and negligent in allowing and permitting the stairs in their store to become littered with trash, debris and other slick paper substances; in causing the steps to be unsafe and dangerous for public travel; in not warning plaintiff of the unsafe condition of same."

The plaintiff testified that as she started to go down in the basement she observed a girl at a counter or table selling chocolate candy; that she started down the stairway and fell; that she stepped on something on the second step; that her foot went out from under her and she fell and did not know anything more; that she did not look to see if there was anything on her foot or heel. After she fell, plaintiff said she observed dark looking paper lying on the steps; that it looked like paper wrappings of candy. She further testified that there was no warning sign; that her foot "just seemed to go out from under me and I was so scared I cannot tell what happened after that. It seemed as though I stepped on something. There was something I stepped on, but I don't know what."

Plaintiff's granddaughter, Vera Ruhling, who accompanied the plaintiff down the stairs, stated that nothing attracted her attention until her grandmother fell. The following excerpt from the testimony of this witness is pertinent:

"Q. Did you look to see about the steps if there was anything on the steps? A. Why, yes. . . .

"Q. By the court: Just state what you saw at that time? A. There was paper on them.

"Q. What kind of paper? A. Some of it was candy wrappers.

"Q. What kind of candy? A. Hershey bar wrappers."

The further testimony of this witness on direct examination is important:

"Q. Had you been in the Woolworth store before your grandmother fell? A. Yes.

"Q. Have you been there frequently? A. Well, yes.

"Q. How frequently? A. Oh, maybe once a week or something like that.

"Q. During all of these visits immediately before, say within a month or two before your grandmother fell, will you describe what you saw there with reference to that stairway?

"Attorney for defendant: I object to that unless they attempt to show whatever condition she saw at that time remained and was the same on the day of the accident.

"The Court: Overruled.

"Attorney for defendant: It is immaterial and prejudicial.

"The Court: You may answer. I have overruled it. Answer.

"A. I was just thinking. I have seen paper on the steps before.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"Q. What did you observe about these papers that you have denominated as coverings for chocolate bars, at any time in the several weeks? You say you were there from that time once a week, before that time. What had you observed with reference to that particular kind of paper there on that stairway, if you observed anything?

"Attorney for defendant: Objected to as leading and suggestive; and unless it is about the particular thing he wants her to say. And for all the reasons given on the former question.

"The Court: Overruled.

"A. Well, I cannot say that I saw those paper wrappers there. I noticed the paper, but I cannot say I noticed each separate piece of paper and could tell what kind it was."

This witness further testified that after her grandmother fell she looked to see if there was anything which could have made her fall; that she then saw the paper on the steps; that it was just paper, and some of it was candy-bar wrappers; was a dark reddish-brown, a wrapper similar to the Hershey bar wrappers. She stated there was a girl at the top of the stairs against the front partition, selling candy; that chocolate bars or candy was on the counter, which was at the head or side of the stairway. She said the chocolate wrappers were either waxed, oiled or glazed.

The defendant's evidence was to the effect that it employed a janitor and porter, whose duty consisted of sweeping the floor and stairs leading to the basement, also mopping them; that the stairs were scrubbed and cleaned daily before the store was opened; that the steps have a safety tread, which is a slate-colored substance and has a grip to it as you step on it and does not allow one to slip; that there were nine steps from the first floor to the landing and nine more steps from the landing to the basement.

There was further testimony by defendant's floorman, not now an employee of the defendant, that while he did not see the accident, he assisted the lady up from the landing between the two floors to which she had fallen, and took her to the rest room. There was further testimony by three customers in the store, not employed by the defendant, that the stairs were examined and no foreign substance found on them. One of these witnesses was on the stairway and saw the plaintiff fall and attempted to assist her. He examined the stairway at the time and testified that there was no foreign substance of any character on any of the steps.

The defendant was not liable to the plaintiff for bodily harm caused to her from any dangerous condition thereon if the plaintiff knew of the condition and realized the risk involved therein. (Restatement, Torts, § 340.) If, however, the defendant did not carry on its business activities with reasonable care for plaintiff's safety, it would be liable for any bodily harm caused thereby, unless the plaintiff knew, or from facts known by plaintiff she should have known, of defendant's mode of carrying on its business and of the risk involved therein. (Restatement, Torts, § 341.)

The defendant would be liable to the plaintiff for bodily harm caused to the plaintiff by the condition of the stairway if, but only if, it knew that the stairway was "littered with trash, debris and other slick paper substances," and realized that such condition involved an unreasonable risk to the plaintiff, and defendant had reason to believe that plaintiff would not discover the condition or realize the risk. It was necessary for the defendant to exercise reasonable care to make the premises reasonably safe for its business visitors or to warn them of the condition and the risk involved therein. (Restatement, Torts, § 342.)

The possessor of property is not an insurer of the safety of persons who enter thereon, even when he has invited them to enter. The true ground of liability is his superior knowledge of the danger-

ous condition and his failure to give warning of the risk. In *Bury v. Woolworth Co.,* 129 Kan. 514, 283 P. 2d 917, it was contended that the defendant had no notice of the condition of the floor. The floor had been recently oiled, and this court held that was sufficient evidence to show that the defendant had notice of the condition. (See, also, *Needles v. Amusement Co.,* 104 Kan. 716, 180 Pac. 768; *Brunsilius v. Farmers & Merchants State Bank,* 143 Kan. 148, 53 P. 2d 476.)

The mere presence of the paper wrappings on the steps does not show actionable negligence. This condition may occur in any store or market without negligence. It is necessary to show that these wrappings had remained on the steps long enough to charge the defendant with constructive notice of their presence. In this case there is no evidence that the paper had been on the steps any length of time before the accident. It is true the granddaughter testified: "I was just thinking. I have seen paper on the steps before." But the time is not specified and it is not shown that it remained on the steps. It is not shown that the paper on the steps was slick or was dangerous to persons coming in contact with it. Plaintiff testified she did not know what she slipped on, and it was not shown that the paper which plaintiff and her granddaughter testified they saw on the steps, was on or near the step where she slipped and fell. It is not shown that the defendant had any knowledge of the presence of the paper or debris alleged in plaintiff's petition to have been on the stairway, nor any facts from which notice could be implied.

In the case of *Cartoof v. F. W. Woolworth Co.,* 160 N. E. 109 (Mass.), plaintiff was injured by falling down the stairway in defendant's store. There was a directed verdict in the trial court for the defendant, which was affirmed on appeal. In reviewing the evidence, the court said:

"The evidence taken most strongly for the plaintiff shows that she fell because a sticky substance caused her foot to catch on the second step of a stairway which she was descending so that she fell to the floor below. At a popcorn counter about a yard from the stairway she was directed to go down the stairs. She trod on some sticky popcorn on the floor by the counter. This, she testified, she removed from her shoe. She went on to the stairway, stepped on a sticky substance about the size of the ball of her foot, caught her foot and fell. Some one removed a substance from her shoe, which she did not see but was told was popcorn and black stuff as if trampled upon. On going up the staircase she saw on the stair a black substance that looked like 'a lot of popcorn and oil stuck there together.' There is nothing to indicate how long any foreign substance had been upon the stair to lay the foundation

for a finding that, in the exercise of·the care which a storekeeper should exercise to see that the stairs to be used by his customers are reasonably safe, it should have been seen and removed by him. To conjecture that it had been there so long that those in charge should have found it and taken it away is no more justifiable than to suppose that she had failed to remove the entire mass which adhered to her shoe and had herself brought the substance upon the stair."

See, also, *Gorman et ux. v. Brahm's Sons, Inc.*, 298 Pa. St. 142, 148 Atl. 40; *Kroger Grocery & Baking Co. v. McCune*, 46 Ohio App. 291, 188 N. E. 568; *Graham v. F. W. Woolworth Co.*, 277 S. W. 223.

After a careful examination of the entire record, we conclude there was no substantial evidence upon which the jury could make a finding. The judgment must be, and it is, reversed.