No. 45,443

Cora Knowles, *Appellant*, v. Ralph A. Klase and Doris J. Klase, d/b/a Quick-n-Easy Wash-O-Mat, *Appellees*.

(460 P. 2d 444)

Opinion filed November 8, 1969.

*Gerald L. Michaud,* of Wichita, argued the cause and *Kenneth L. Ingham* and *Orval L. Fisher,* both of Wichita, were with him on the brief for appellant.

*John E. Rees,* of Wichita, argued the cause and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, Philip Kassebaum, Robert T. Cornwell, Willard B. Thompson, David W. Buxton, John T. Conlee, John Prather, Richard I. Stephenson, John E. Matson, Homer V. Gooing, Hugo T. Wedell* and *Douglas D. Johnson,* all of Wichita, were with him on the brief for appellees.

The opinion of the court was delivered by

Fromme, J.: This is an appeal by plaintiff from a summary judgment entered in favor of defendants in a "slip and fall" negligence action. The plaintiff, a business invitee, was seriously injured shortly after entering defendants' laundromat. The plaintiff accused defendants of failing to keep the floor in a reasonably safe condition. Summary judgment was entered after depositions had been taken from all prospective witnesses disclosed at pre-trial conference.

The question raised in this appeal is whether any genuine issue of fact, one having a controlling legal effect upon the outcome of plaintiff's claim, remained in dispute when the summary judgment was entered.

In *Smith v. Mr. D's, Inc.*, 197 Kan. 83, 85, 415 P. 2d 251 and in *Bingham v. Hillcrest Bowl, Inc.*, 199 Kan. 40, 43, 427 P. 2d 591, we set forth the duty of a proprietor to a business invitee. That duty will be iterated in the following paragraph.

A proprietor must use ordinary care to keep those portions of the premises which can be expected to be used by business invitees in a reasonably safe condition. If an unsafe condition is created by the proprietor or those for whom he is responsible, or if it is traceable to their actions, proof of notice of the condition is unnecessary. When a dangerous condition is neither created by the proprietor or those for whom he is responsible, nor traceable to their actions, proof of negligence with respect to a floor condition requires some showing they had actual or constructive notice of the dangerous condition. A proprietor may be charged with constructive notice of the condition if the condition existed for such length of time that the proprietor, his agents or employees should have known of it in the exercise of ordinary care.

The defendants contend in this case actual or constructive notice is necessary and the absence of notice of the condition, actual or constructive, is fatal to plaintiff's claim. They argue the facts upon which notice, or lack of it, must depend are not in dispute. Therefore summary judgment was proper.

The plaintiff is of a contrary opinion.

The plaintiff alleged in her petition the floor of the laundromat was "wet, slippery, dangerous and unsafe and the defendants knew, or by the exercise of ordinary care, should have known said condition of the floor existed". The plaintiff contended at pre-trial conference there were leaves, water or other substances on the floor of the laundromat causing the floor to be slippery and the defendants failed to correct said condition.

The defendants contend in their brief a summary judgment in their favor was proper because there was "no substantial, competent evidence to support a verdict and judgment for plaintiff". This is the test applied on a motion for directed verdict at the close of evidence. It is not a proper test to determine a motion for summary judgment in advance of trial.

The rule requiring substantial competent evidence to support a verdict and judgment is set forth and applied in *Evangelist v. Bellern Research Corporation*, 199 Kan. 638, 433 P. 2d 380, *Smith*

*v. Mr. D's, Inc.,* supra, and *Bingham v. Hillcrest Bowl Inc.,* supra. Although defendants cite the above cases in support of their present position, those cases were not determined on motions for summary judgment. In each of those cases this court was concerned with the sufficiency of the evidence to support a verdict and judgment, and evidence had been introduced during trial.

The present case rests on a summary judgment entered before trial. The rule by which a motion for summary judgment should be determined may be found in *Green v. Kaesler-Allen Lumber Co.,* 197 Kan. 788, 790, 420 P. 2d 1019. A summary judgment should not be entered if there remains a dispute as to material facts unless the dispute as to facts is clearly shown to be sham, frivolous or so unsubstantial that it would obviously be futile to try the case. It has been said a summary judgment is seldom proper in negligence cases. See *Secrist v. Turley,* 196 Kan. 572, 412 P. 2d 976, where the experience in the federal courts with negligence cases is set forth on page 579 of the opinion.

We turn now to the conditions contributing to plaintiff's fall as disclosed by the depositions. We view these conditions in a light most favorable to the plaintiff. At 11:00 a. m. the plaintiff entered the laundromat. She slipped on a "tremendously slick place" a few feet inside the front door. It had been raining since 7:00 a. m., when the laundromat was opened. It was still raining when plaintiff entered. The plaintiff attempted to clean her shoes on a small mat provided for that purpose. The mat was located just inside the front door. The floor of the laundromat had been waxed two days before. The plaintiff's husband examined the floor after the fall occurred and discovered a slippery spot approximately eighteen inches in diameter where the fall occurred. An employee in charge of cleaning the floor had not mopped the floor during the four hour period preceding plaintiff's fall. There was moisture on the floor inside the door around the floor mat. The deposition of one witness indicated there were wet leaves on the floor where the fall occurred, and a skid mark leading to a leaf was apparent after the plaintiff fell.

Considering the posture of this case when summary judgment was rendered there was evidence available that plaintiff's fall was caused by a "tremendously slick place" on the floor. It might reasonably be inferred the slick spot was caused by the waxing operation two

days before. If the floor was in an unsafe condition by reason thereof, this condition may have been traceable to, created or maintained by the proprietor or those for whom he was responsible. Under such facts proof of actionable negligence did not require a showing that the proprietor had actual or constructive notice of the condition.

However, if the fall was caused by a condition created by other business invitees notice of the condition would be necessary to establish actionable negligence. Moisture, leaves or a combination thereof resulting from traffic by others using the laundromat might have created an unsafe condition. Actual or constructive notice would be necessary in such case.

At the time of plaintiff's fall it had been raining all morning and the floor had not been mopped for more than four hours. Moisture had accumulated around the floor mat at the door and there were wet leaves on the floor where plaintiff fell. Under some of the facts disclosed in the depositions, a jury might find the moisture and leaves had caused plaintiff to fall and had remained on the floor a sufficient time prior to the accident to charge the defendants with constructive notice of an unsafe condition.

We are mindful that the evidence against the plaintiff in the depositions was substantial. However, a summary judgment proceeding is not a trial by affidavits. (*Brick v. City of Wichita,* 195 Kan. 206, 211, 403 P. 2d 964.) Neither is it a substitute for trial by jury when discovery depositions have been taken from all the witnesses. A surmise or belief that a party cannot prevail upon a trial, no matter how reasonably entertained, does not justify refusal of a jury trial as to material issues in dispute. (*Brick v. City of Wichita,* supra.)

The summary judgment in favor of defendants is reversed and the case is remanded for trial.