**Janice NAPELL, Plaintiff,**

v.

**ATEN DEPARTMENT STORE, INC., Defendant.**

**No. 99–4058–DES.**

United States District Court, D. Kansas.

Aug. 17, 2000.

James R. Clinkscales, Clinkscales & Brubaker, P.A., Hays, KS, Lelyn J. Braun, Oyler & Pauzauskie, Topeka, KS, for plaintiff.

Ron D. Martinek, Craig C. Blumreich, Gehrt & Roberts, Chartered, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's Motion for Summary Judgment (Doc. 22) in this negligence action involving a "slip and fall" by plaintiff, Janice Napell, at a store owned and operated by the defendant, Aten Department Store, Inc., in Hays, Kansas. Defendant's motion is granted based on the following reasons.

## I. FACTUAL BACKGROUND

The basic facts of this case are not in dispute. On December 24, 1997, in Hays, Kansas, snow and partially frozen slush were on the ground as a result of the previous day's snowfall. The plaintiff entered defendant's store at approximately 2:00 p.m. to do some shopping. After walking through the store entrance, plaintiff stepped off to the side [1] and stomped

---

1. The record before the court bears some inconsistency as to whether the mat was situated on the left or right side of the entrance. It is uncontroverted, however, that a mat was

her feet on a mat in an attempt to remove any excess water or snow from the bottom of her shoes.

Plaintiff then proceeded, without difficulty, to traverse the necessary ten to twelve feet across the store's tile floor to the top of a flight of stairs leading to the store's basement level. No mat was placed at the top of the stairs and no signs were present warning persons of the possibility of water or snow on the store's floor or steps. On the day in question, defendant did not conduct any additional maintenance procedures aimed at addressing the possibility of moisture being present on the store's floor. Instead, defendant maintained the floor consistent with its normal business operation. Upon beginning her descent, plaintiff's sworn testimony indicates that she slipped and fell, and that the momentum of the fall carried plaintiff down six or seven steps. No witnesses were present to view plaintiff's fall. As a result of the fall, plaintiff sustained personal injuries for which she seeks monetary damages from the defendant. Defendant's motion for summary judgment asserts that (1) plaintiff has not produced any competent evidence demonstrating that defendant negligently maintained its premises; (2) plaintiff has not produced any competent evidence that a dangerous condition existed on defendant's premises for which defendant had notice thereof; and (3) plaintiff cannot rely on any exception to proving defendant's notice regarding any alleged dangerous condition.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The rule provides that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no

genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. 2505. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant need not negate the nonmovant's claim. *Id.* at 323, 106 S.Ct. 2548. Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (interpreting Fed.R.Civ.P. 56(e)). Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. *Id.* at 322, 106 S.Ct. 2548. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. 2548.

available and that it was not placed directly in front of the entrance to the store.

A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986) ("The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues."). The court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party's favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Id.* at 250, 106 S.Ct. 2505.

### III. ANALYSIS

Plaintiff alleges that defendant was negligent (1) in failing to change the floor mats more frequently during the day; (2) in failing to periodically mop and clean the floor and keep the same dry; (3) in failing to post signs or warnings sufficient to indicate the possibility of water, rain, or snow present on defendant's floor or steps; and (4) in failing to post signs or warnings sufficient to indicate the possibility that the floor mats were wet and dangerous. Normally, the presence or absence of negligence is a question of fact reserved for the jury. *Honeycutt v. City of Wichita,* 247 Kan. 250, 796 P.2d 549, 551 (1990). These issues, however, may be resolved on summary judgment when the facts present only one reasonable conclusion. *Lay v. Kansas Dept. of Transp.,* 23 Kan.App.2d 211, 928 P.2d 920, 924 (1996). To prove negligence under Kansas law, plaintiff must establish that defendant owed a duty to plaintiff, that defendant breached that duty, that plaintiff was injured, and that a causal connection exists between the duty breached and the injury sustained. *Ho-*

neycutt v. City of Wichita, 251 Kan. 451, 836 P.2d 1128, 1136 (1992).

### A. Duty Owed to Plaintiff

The court notes that the parties have previously stipulated that plaintiff was a business invitee of defendant.[2] Therefore, as a proprietor, defendant owes plaintiff a duty to exercise reasonable care in keeping those portions of the premises open to invitees in a reasonably safe condition. *Sewell v. Wal–Mart Stores, Inc.,* No. 91–4053–S, 1992 WL 198874 (D.Kan. Aug.5, 1992); *Lyon v. Hardee's Food Sys., Inc.,* 250 Kan. 43, 824 P.2d 198, 204 (1992); *Knowles v. Klase,* 204 Kan. 156, 460 P.2d 444, 445 (1969); *Bingham v. Hillcrest Bowl, Inc.,* 199 Kan. 40, 427 P.2d 591, 594 (1967). A proprietor, however, "is not an insurer of the safety of his customers or invitees." *Parks v. Montgomery Ward & Co.,* 198 F.2d 772, 774 (10th Cir.1952) (citing *Steinmeyer v. McPherson,* 171 Kan. 275, 232 P.2d 236 (1951); *Thompson v. Beard & Gabelman, Inc.,* 169 Kan. 75, 216 P.2d 798 (1950); *Relahan v. F.W. Woolworth Co.,* 145 Kan. 884, 67 P.2d 538 (1937)). Rather, a proprietor must exercise reasonable care to protect an invitee from any danger that may be reasonably anticipated. *Graham v. Loper Elec. Co.,* 192 Kan. 558, 389 P.2d 750, 753 (1964). In *Thompson,* the court surmised the applicable duty of care as follows:

> The proprietor of a store, shop, or other place of business kept open for public patronage is not under an insurer's liability as to the safety of persons who come thereon, but he does owe to customers who enter the premises, while the establishment is open for business, the duty of exercising ordinary care to keep the aisles, passageways and such other parts of the premises as are ordinarily used by customers in transacting

---

2. The court recognizes that the classification of plaintiff bears little significance considering that Kansas law no longer recognizes the traditional common-law distinction between invitees and licensees in the context of premises liability. *Jones v. Hansen,* 254 Kan. 499,

867 P.2d 303 (1994). Instead, an occupier of land owes to all public invitees, licensees, and business invitees a duty of reasonable care under all the circumstances. *Id.See also* PIK 3d § 126.02 (1997).

business in a reasonably safe condition for use by the persons thus entering.... 216 P.2d at 800.

## B. Defendant's Breach

■ The only evidence before the court that could be the basis for plaintiff's assertion that defendant failed to maintain its premises in a reasonably safe condition is defendant's failure to periodically change the floor mat during the day and its lack of regular mopping of the store's floor. The court, however, agrees with defendant that, even after according plaintiff all permissible inferences, the record is absolutely devoid of any competent evidence indicating that the defendant's omissions amounted to a breach of its duty.

Plaintiff has not produced any evidence showing that the floor mat was actually in need of replacement, nor has plaintiff presented evidence that the mat's location constituted a breach. Plaintiff has produced no evidence that the area in which she fell required additional mopping due to an accumulation of water, ice, or snow. The only evidence that plaintiff presents regarding the condition of either the floor, steps, or floor mat within defendant's premises is supplied by plaintiff's own deposition. Plaintiff was asked: "[Y]ou don't even know if there was a wet floor, do you?" (Dep. at 60). She answered by stating "no." (Dep. at 60). Additionally, plaintiff concedes that neither she nor anyone else investigated the scene of her fall in an attempt to ascertain whether any possible physical condition of the steps may have led to her eventual loss of balance.

Plaintiff does produce evidence regarding the wet conditions outside the store and surrounding area. She essentially asks the court to infer that if there was snow and water outside, then snow or water was present inside the premises where plaintiff fell. Plaintiff further contends that such water would require a reasonably prudent proprietor to change the floor mat and mop the floors with increased frequency.

In support, plaintiff directs the court to *Knowles v. Klase,* 204 Kan. 156, 460 P.2d 444 (1969), in which the plaintiff suffered injuries as a result of her falling within the defendants' laundromat. In *Knowles,* the conditions outside were similar to the case at bar, for it was raining when the plaintiff entered the laundromat and she also attempted to clean her shoes on a small mat near the entrance. *Id.* at 446. Additionally, the defendant had also not mopped the floor regularly before the plaintiff's fall. *Id.* at 446–47. However, in contrast to the present case, the *Knowles* record contained evidence of moisture on the defendant's floor: plaintiff's husband examined the floor after the fall and discovered a "slippery spot" where the fall occurred, an independent witness testified that there were wet leaves and a skid mark in the vicinity of the fall, and there was evidence that moisture was on the floor inside the door around the floor mat. *Id.* The record presently before the court contains no evidence indicating that any moisture was present within defendant's premises or, more specifically, within the vicinity of plaintiff's accident.

The court finds that plaintiff's proposed inference is insufficient to present a genuine issue as to whether defendant breached its duty to keep its premises in a reasonably safe condition, for it has been noted that "[i]n the absence of any proof of negligence or cause, an inference of both amounts to nothing more than impermissible speculation and conjecture." *Wasson v. Brewer's Food Mart, Inc.,* 7 Kan.App.2d 259, 640 P.2d 352, 357 (1982). *See also Virginia Surety Co. v. Schlegel,* 200 Kan. 64, 434 P.2d 772 (1968) (holding that one inference can not be based upon another inference when such an inference is too uncertain or which raises merely a conjecture or possibility). Plaintiff has failed to supply competent evidence showing that defendant's failure to take superior remedial measures led to a condition which caused its premises to be maintained in an unsafe condition. *See Carter v. Food Center, Inc.,* 207 Kan. 332, 485

P.2d 306, 308 (1971) (noting that the mere fact a plaintiff fell in a store does not raise an inference of negligence).

## C. Duty to Warn

It is well settled Kansas law that a proprietor must warn invitees of dangerous conditions on the premises which are known or should be known by the proprietor. *Kimes v. Unified Sch. Dist. No. 480,* 934 F.Supp. 1275, 1279–80 (D.Kan.1996); *Knowles,* 460 P.2d at 445–46. When dangerous conditions are not the result of actions by the proprietor or its agents, proof of negligence regarding the condition requires a showing of either actual or constructive notice on the part of the proprietor. *Carter,* 485 P.2d at 309 (citing *Knowles,* 460 P.2d at 445–46). Plaintiff claims that defendant failed to properly post warnings regarding the possible accumulation of water on the premises and failed to post warnings indicating that the floor mat was wet and dangerous. The presence of water within a defendant proprietor's premises caused by rain or snow does not generally constitute a dangerous condition created by the defendant proprietor or its agents. *Kimes,* 934 F.Supp. at 1280 (citing *Knowles,* 460 P.2d at 447). Therefore, plaintiff must prove the existence of a dangerous condition of which defendant had either actual or constructive notice.

If there was an accumulation of moisture on defendant's floor, steps, or floor mat, then the moisture could constitute a dangerous condition for which defendant would have had a duty to warn. *See Kimes,* 934 F.Supp. at 1279. However, as the court has previously noted, plaintiff has offered no evidence establishing that any moisture was present on defendant's floor, steps, or floor mat. There-

fore, in the absence of an accumulation of moisture—plaintiff's allegedly dangerous condition—of what did plaintiff wish to be warned? More succinctly, how would a warning have prevented this accident? When plaintiff viewed the scene, before and after her accident, she saw no irregularities in the floor or steps which would have required a warning. *See Wasson,* 640 P.2d at 357 (finding warnings unnecessary when condition of premises did not appear amiss). Without evidence of a dangerous condition, the court finds that defendant's failure to provide warnings was not unreasonable.

Additionally, the court finds that the record is insufficient to support an inference that defendant had either actual or constructive notice of the alleged dangerous condition.[3] This lack of evidence is plaintiff's fatal flaw, for "[w]here the plaintiff fails to show that an allegedly dangerous substance had been on the floor for any length of time prior to her fall, or that the defendant had knowledge of its presence, the plaintiff cannot recover for negligence." *Kimes,* 934 F.Supp. at 1279 (citing *Carter,* 485 P.2d at 310). *See also Hein v. Mills Bldg., Co.,* 190 Kan. 198, 372 P.2d 994, 996 (1962) (where no competent substantial evidence was adduced to show when it had started raining or how much dampness had accumulated on the floor of defendant's building, defendant could not be charged with constructive notice of any dangerous condition).

Finally, plaintiff can not avail herself of the mode-of-operation doctrine as described in *Jackson v. K–Mart Corp.,* 16 Kan.App.2d 716, 828 P.2d 941 (1992), *aff'd,* 251 Kan. 700, 840 P.2d 463 (1992). The mode-of-operation doctrine serves as an exception to the requirement that defen-

---

**3.** Plaintiff does present some evidence—via statements made by an agent of defendant allegedly told to plaintiff's employer and recounted only by plaintiff in her deposition, that defendant had notice of a prior "slip and fall" incident at the scene of plaintiff's accident on the day in question. (Pl.'s Dep. at 58). This evidence, however, is in the form of inadmissible hearsay within hearsay, and the court will not, while reviewing a motion for summary judgment, consider inadmissible evidence. *See Jeffries v. State of Kansas,* 147 F.3d 1220 (10th Cir.1998); *Ritchie Enterprises v. Honeywell Bull, Inc.,* 730 F.Supp. 1041, 1043 (D.Kan.1990).

dant proprietors have notice of a dangerous condition within their premises. The doctrine is applicable when foreseeable carelessness by a business patron creates a dangerous condition within the proprietor defendant's premises and the defendant fails to take reasonable measures to remedy it. *Kimes,* 934 F.Supp. at 1280 (citing *Jackson,* 828 P.2d at 946). In explaining that the doctrine creates a limited exception, the Kansas Supreme Court stated: "A proprietor would not be liable for a dangerous condition on his premises caused by a third party absent actual or constructive notice of the condition, except where, based on the mode of operation, the proprietor could reasonably foresee that the dangerous condition would regularly occur." *Jackson,* 840 P.2d at 470. Plaintiff has presented no evidence that indicates to the court that the alleged condition was a result of any actions related to the unique manner in which defendant operated its premises, so the court finds that the mode-of-operation doctrine is inapplicable. *See Kimes,* 934 F.Supp. at 1280 (denying mode-of-operation doctrine).

Accordingly, because there is no evidence upon which a jury could reasonably conclude that defendant breached its duty to maintain its premises in a reasonably safe condition nor that defendant failed to properly warn plaintiff of a dangerous condition within its premises, there exists no material issue of fact and defendant is entitled to judgment as a matter of law.

**IT IS THEREFORE BY THIS COURT ORDERED** that the Defendant's Motion for Summary Judgment (Doc. 22) is granted.