**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DOYLE HAYES,                                )
                                            )
            Plaintiff-Appellant,            )
                                            )
v.                                          )        No. 98-3063
                                            )        (D.C. No. 96-CV-2495-GTV)
KIT MANUFACTURING COMPANY,    )        (D. Kansas)
                                            )
            Defendant-Appellee.             )

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY** and **LUCERO,** Circuit Judges, and **WEST**, District Judge.[1]

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Rule 34(a), F.R.App.P.; 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

[*]This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  Citation of orders and judgments is generally disfavored; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]The Honorable Lee R. West, Senior United States District Judge for the Western District of Oklahoma, sitting by designation.

Plaintiff-appellant Doyle Hayes, a citizen of Elkhart County, Indiana, was employed as a truck driver by Ventline. During the course of his employment in 1994, he made deliveries approximately once each week to defendant-appellee Kit Manufacturing Company (Kit), in McPherson, Kansas. Kit personnel did not open the front gate to the facility until 7:00 a.m. and Hayes' deliveries routinely occurred on Tuesday mornings, immediately after the gate was opened.

On December 6, 1994, Hayes arrived at Kit prior to 7:00 a.m. Hayes testified at his deposition that "it was raining fairly good," and that he "was getting a good spray off of the tires," which indicated to him that the roadways were not icy. He also however testified that the temperature was below thirty (30) degrees, that the rain "was freezing on objects" and that there was ice on the brackets of the truck's exterior mirrors and certain other metal parts.

At approximately 7:00 a.m., Kit personnel opened the front gate and Hayes drove his truck into the facility. Hayes backed his trailer up to the dock. In cold weather, the dock door is kept closed between deliveries and no Kit employee had been advised that Hayes had arrived. Hayes left his truck and climbed the stairs to knock on the dock door. The staircase had a handrail on the left side to the top of the stairs; there was no handrail on the dock platform itself and there was a gap of thirteen (13) inches between the dock door and the end of the handrail and another gap of eight and one-half (8 1/2) inches between the edge of the staircase and the door. Hayes testified at his deposition that the handrail "had ice on it," that the stairs were "slippery," that "[t]he skid . . . [and] the steps had ice on them" and that since

2

"it was 29 degrees and raining . . . common sense [would] . . . say that things could get slippery."

Haynes gripped the handrail as he attempted to step onto the platform to knock on the door. The next thing Hayes recalled was regaining consciousness on the concrete drive beside the staircase. Haynes had apparently slipped off the left side of the platform between the end of the handrail and the door.

Hayes brought suit in the United States District Court for the District of Kansas against Kit, alleging Kit was negligent because it failed to remove ice or snow from the staircase and dock platform and to warn Hayes of the presence of same in these two areas, it failed to provide adequate lighting, it failed to provide a safe staircase and handrail and it failed to provide Hayes a safe procedure for notifying Kit employees of his arrival. Kit answered and thereafter moved for summary judgment.

The district court granted Kit partial summary judgment, after finding there was no genuine issue of material fact as to any of Hayes' claims of negligence, save Hayes' claim based on Kit's alleged failure to provide a safe staircase and handrail. That claim went to trial and the jury rendered a verdict in Kit's favor. Judgment was entered in favor of Kit and Hayes appealed.

We review the grant of summary judgment de novo, applying the same standard used by the district court. E.g., Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 851 (10th Cir. 1996). Summary judgment is proper only if the movant demonstrates "that there is no genuine issue

3

as to any material fact" and that it "is entitled to a judgment as a matter of law." Rule 56(c), F.R.Civ.P.

The district court granted summary judgment on Hayes' claim of negligent failure to remove ice or snow from the staircase and dock platform based on Kansas' "winter storm" doctrine. Under Kansas law, "a proprietor must use ordinary care to keep those portions of the premises which can be expected to be used by business invitees in a reasonably safe condition." Agnew v. Dillons, Inc., 16 Kan. App. 2d 298, 300, 822 P.2d 1049, 1051 (1991)(citing Knowles v. Klase, 204 Kan. 156, 157, 460 P.2d 444, 445-46 (1969)). However,

> "a business proprietor, absent unusual circumstances, does not breach . . . [this] duty of ordinary care [owed to business invitees] by not removing [accumulated] snow or ice from outdoor surfaces during a storm and a reasonable time thereafter . . . ."

Id. at 304, 822 P.2d at 1054.

Hayes has argued that the district court erred in relying on the "winter storm" doctrine because (1) there was a genuine issue as to whether a winter storm was ongoing at the time of the accident, (2) even if a winter storm was ongoing, the facts in the instant case render the doctrine inapplicable, and (3) even if the doctrine is applicable, an exception to the doctrine exists in this case. We disagree.

In examining the record, we must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. In so doing, we find the evidence presents insufficient disagreement over whether a winter storm was ongoing at the

4

time of Hayes' accident to create a genuine issue of material fact. Indeed, Hayes' own depositional testimony reveals that he was not only aware of the storm but also aware of the storm's effect on the surface of the staircase, the handrail and the platform.

Hayes has tried to distinguish Agnew from the instant case on the grounds that in Agnew, the facility had been open to the public for some time and the employees had taken some corrective measures, and that in this case, the facility had opened its gate to business invitees, without removing any accumulated ice or snow. We find the policy concerns which give rise to the doctrine and the rationale for applying it are no less significant or persuasive under the undisputed facts and circumstances of this case.

Finally, Hayes has argued that this case presents an exception to the doctrine because Kit assumed a duty not otherwise created by law: the front gate would not be opened until Kit employees had completed certain maintenance procedures, including the removal of ice and snow. Although there is evidence in the record that certain designated Kit employees had the task of clearing accumulated ice and snow from the staircases and docks, there is no evidence that Kit had a policy that required the removal of ice and snow from these areas before the front gate was to be opened or that Hayes had relied on Kit to remove the ice and snow from these "high traffic area[s]" before he acted. Accordingly, the district court did not err in granting summary judgment on this claim.

As stated, the district court also granted summary judgment to Kit on Hayes' claim that Kit was negligent because there was inadequate lighting on the staircase and dock

platform. The evidence is uncontroverted that it was dark and that Kit provided no exterior lighting. The evidence however is also uncontroverted that Hayes was able to back his trailer up to the dock and that he observed ice on the steps and skid before he climbed the stairs. Hayes has presented no evidence that the lack of lighting contributed to and/or proximately caused his accident. Thus, the district court did not err in granting summary judgment on this claim.

Finally, Hayes has contended that during the trial, the district court erred in refusing to allow the jury to hear evidence from James Snyder, a Kit maintenance supervisor, that prior to December 6, 1994, he had designed and installed different and more complete handrails–namely, ones without gaps–on other staircases at the Kit facility in McPherson. "A trial court's decision on whether to admit or exclude evidence may not be disturbed on appeal unless the appellate court determines that the district court abused its discretion." Sorensen v. City of Aurora, 984 F.2d 349, 354 (10th Cir. 1993).

In light of Hayes' admission that there were no other exterior staircases at the facility similar to the staircase involved in this matter and upon review of Snyder's testimony that was permitted, we find the district court did not abuse its discretion by refusing to admit the proffered testimony.

AFFIRMED.

Entered for the Court

Lee R. West
Senior District Judge

6